IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK10-82070-TLS |
| ) | |
| RHONDA L. PETERSON, ) | CH. 7 |
| ) | |
| Debtor. ) | |
| WELTE INSURANCE, INC., ) | ADV. NO. A10-08061-TLS |
| d/b/a Midwest Title, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RHONDA L. PETERSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on December 20, 2010, on a motion to dismiss adversary proceeding filed by Defendant, Rhonda L. Peterson (Fil. #5), and an objection by Plaintiff, Welte Insurance, Inc., d/b/a Midwest Title (Fil. #6). Robert J. Remack appeared for Plaintiff, and Kathryn J. Derr appeared for Defendant.

Subsequent to the hearing, the motion to dismiss was taken under advisement by this court and the parties were given the opportunity to file post-hearing briefs. In the interim, Plaintiff filed a motion to amend its complaint to add Nebraska Furniture Mart as a party plaintiff (Fil. #11). Defendant filed her objection to that motion to amend (Fil. #14). In addition, Nebraska Furniture Mart filed a motion to intervene (Fil. #18). Defendant also objected to that motion (Fil. #23). The motions to amend and to intervene were also taken under advisement.

As more fully discussed below, I find that the motion to amend (Fil. #11), the motion to intervene (Fil. #18), and the motion to dismiss (Fil. #5) should be denied.

## BACKGROUND

The underlying facts are not in dispute. Defendant owned a parcel of real property, commonly known as 8406 South 23rd Street, Bellevue, Nebraska, which she sold to a third party buyer. The closing took place on August 28, 2009. Plaintiff was the closing agent for the sale.

On or about July 14, 2009, a judgment was entered against Defendant in the County Court of Douglas County, Nebraska, in the amount of $5,615.00 in favor of Nebraska Furniture Mart. The judgment was for, among other things, the purchase and installation of carpet. On August 18, 2009, the county court judgment was transcribed to the District Court of Sarpy County, Nebraska, which

is the county where the property is located.[1] Upon transcribing the judgment to the district court, the judgment became a lien against the real property owned by Defendant at 8406 South 23rd Street, Bellevue, Nebraska. Neb. Rev. Stat. § 25-1504.

The closing took place on August 28, 2009, although Defendant signed her closing documentation on August 19, 2009. One of the documents was entitled "Owner's Affidavit." This Owner's Affidavit states that Defendant signed it under oath "in order to induce Midwest Title to issue its policies of title insurance, in accordance with Commitment Number 090710194 . . . ." Further, the Owner's Affidavit states as follows:

> THAT there are no unpaid bills or claims for labor or services performed or materials furnished or delivered during the last twelve months for alterations, repair work, or new construction on the premises for which payment has not been made.
> . . .
> THAT there are no unsatisfied judgment [sic] of record, or tax liens, against Affiant, nor any actions pending in any court, State or Federal, which could affect subject premises, except as shown in the Commitment.
> . . .
> Affiant makes the above representations . . . and hereby indemnifies and agrees to hold harmless Midwest Title and Old Republic National Title Insurance Company from any loss or damage they may suffer, including, but not limited to, legal fees, court costs, expenses, closing costs, and losses suffered as a result of any claim against the premises based upon facts contrary to the above representations.

Ex. 1 to Affid. of Stanley G. Welte (Fil. #12).

Inexplicably, Plaintiff went ahead and conducted the closing on August 29, 2009, without providing for payment of the judgment lien held by Nebraska Furniture Mart. It is unknown whether that was due to its failure to conduct a title search update on the date of closing, or whether Plaintiff did conduct the title update but simply failed to find the judgment lien. In any event, the closing occurred and Defendant walked away from closing with more than $62,000.00 in net sale proceeds. Defendant filed a voluntary Chapter 7 bankruptcy proceeding on July 20, 2010. Plaintiff timely filed this dischargeability proceeding on October 12, 2010, pursuant to 11 U.S.C. § 523(a)(2)(A).

## DISCUSSION

Plaintiff asserts that Defendant made material misrepresentations in the Owner's Affidavit in order to receive the closing proceeds and, therefore, her debt to Plaintiff should not be discharged under § 523(a)(2). Defendant asserts in her motion to dismiss that Defendant does not owe a debt to Plaintiff and that Plaintiff does not have standing since Plaintiff has not paid out any money to

---

[1] No direct evidence of this transcription of judgment was provided although Nebraska Furniture Mart has made these allegations in its motion to intervene.

Nebraska Furniture Mart or to its insured. Plaintiff acknowledges that it has not paid any money, but asserts that it has received demands for payment from Nebraska Furniture Mart for failing to pay the judgment from the closing proceeds. In the motion to amend, Plaintiff seeks to add Nebraska Furniture Mart as a party plaintiff. In the motion to intervene, Nebraska Furniture Mart seeks to join in this proceeding as a plaintiff.

Before addressing the pending motions, it is important to recognize the basics of how a real property sale transaction with title insurance is typically handled. As is applicable to the facts of this case, Plaintiff is a title insurance agency that performs two functions. One function is to act as a closing/escrow agent in connection with the sale of real property. In that capacity, Plaintiff as title insurance agent prepared closing statements, collected the purchase price, and distributed the sale proceeds. The other function is to act as the title insurance agent issuing a policy of title insurance on behalf of a title insurance company (in this case Old Republic National Title Insurance Company). The title insurance policy is issued to the buyer at closing. The seller is not insured by the title insurance policy.

Once one considers how title insurance actually works and the claims made herein, it becomes clear that the motion to amend and the motion to intervene should be denied. Specifically, this adversary proceeding asserts that Defendant's indebtedness *to Plaintiff* should not be discharged. Defendant's obligation to Nebraska Furniture Mart is *not* the subject of this adversary proceeding. No one is claiming that Defendant obtained the goods from Nebraska Furniture Mart by fraud, false pretenses, or otherwise. In other words, this adversary proceeding has nothing to do with Defendant's initial purchase of the goods. Undeniably, Nebraska Furniture Mart has made a claim against Plaintiff for failing to pay its judgment, but there is no conceivable scenario under which Nebraska Furniture Mart would have a valid claim against Plaintiff. Nebraska Furniture Mart was not a party to the real estate closing handled by Plaintiff, nor is Nebraska Furniture Mart the beneficiary of the title insurance policy issued by Plaintiff on behalf of Old Republic National Title Insurance Company. In fact, because Nebraska Furniture Mart did not file a § 523 proceeding within the appropriate time, Defendant's indebtedness to Nebraska Furniture Mart was discharged when she received her Chapter 7 discharge on October 25, 2010. Accordingly, the only interest Nebraska Furniture Mart may have of any relevance is a judgment lien against the real property formerly owned by Defendant and located at 8406 South 23rd Street, Bellevue, Nebraska. Accordingly, it is not necessary or appropriate for Nebraska Furniture Mart to be joined as a party.

That leaves for consideration the motion to dismiss for lack of standing. As indicated previously, this adversary proceeding deals with whether Defendant's debt *to Plaintiff* should be discharged. Section 523(a)(2)(A) provides that a discharge under § 727 "does not discharge an individual debtor from any debt – . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – (A) false pretenses, a false representation, or actual fraud . . . ." Thus, the question is whether Defendant is indebted to Plaintiff for money obtained by false pretenses, false representation, or fraud. A request to except a debt from discharge must be from the creditor to whom the debt is owed. *State of Missouri ex rel. Ashcroft v. Cannon (In re Cannon),* 741 F.2d 1139, 1141 (8th Cir. 1984). Plaintiff's claim is based on the Owner's Affidavit

and the fact that Defendant received closing proceeds but did not disclose the judgment lien entered against her the day before she signed the Owner's Affidavit.

At best, Plaintiff's claim can be described as contingent and unliquidated. Plaintiff has acknowledged that it has not paid any money to Nebraska Furniture Mart. Thus, Plaintiff has not incurred a loss due to any representation that Defendant may have made. "Contingent liabilities therefore are a class of liabilities in which the obligation to pay does not arise until the occurrence of a 'triggering event or occurrence . . . reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred.'" *Barcal v Laughlin (In re Barcal),* 213 B.R. 1008, 1013 (B.A.P. 8th Cir. 1997) (quoting *Craig Corp. v. Albano (In re Albano*), 55 B.R. 363, 367 (N.D. Ill. 1985)). In this matter, Defendant's potential liability to Plaintiff does await a triggering event and is a contingent claim. In fact, it awaits a whole series of triggering events that would necessarily start with Nebraska Furniture Mart attempting to enforce its lien against the subject property.

However, I am not willing to go so far as to say that the holder of an unliquidated and/or contingent claim does not have standing to pursue an action under § 523(a)(2) as Defendant suggests. In fact, a contingent debt is still a "debt," which is defined under the Bankruptcy Code as "liability on a claim." 11 U.S.C. § 101(12). A "claim" means a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." *Id.* at § 101(5)(A).

Plaintiff could have, and probably should have, treated Nebraska Furniture Mart's demands as a claim by its insured (the current owner of the real property) under the policy of title insurance it issued on behalf of Old Republic. It is unclear whether the current property owner and/or Old Republic are aware of these proceedings that materially affect their interests. If Plaintiff had actually treated the demand by Nebraska Furniture Mart as a claim under the Old Republic title insurance policy, and if the Plaintiff had a duty to indemnify Old Republic for obligations under its title insurance policy, and if Plaintiff actually paid off the amount due to Nebraska Furniture Mart, and if Plaintiff was otherwise unaware of the judgment lien at the time it conducted the closing, then perhaps Plaintiff would have stated a claim upon which relief could be granted.[2] Obviously, that is a lot of "ifs."

Despite the rather unusual path taken by Plaintiff, I cannot say that Plaintiff lacks standing. Defendant did sign the Owner's Affidavit which specifically provides that she will indemnify and hold harmless Plaintiff from any loss Plaintiff may suffer from claims against the property which are contrary to the representations in the affidavit. The record indicates that there is a judgment lien against the property which is contrary to the affidavit and Defendant did receive the closing

---

[2] However, it is not at all clear that Plaintiff would be successful in such event. Nondischargeability under § 523(a)(2)(A) requires an intent to deceive. Here the transcription of the judgment, and thus the judgment lien, occurred one day prior to Defendant signing the closing papers. Defendant's affidavit states that she was unaware that the judgment had been transcribed. A question of fact certainly exists as to the intent to deceive.

proceeds. As discussed above, at this point Plaintiff's loss is contingent and there are a lot of "ifs" to be established. However, this motion to dismiss for lack of standing is similar to a motion to dismiss for failure to state a claim. In reviewing the sufficiency of a complaint, the court accepts "the plaintiff's factual allegations as true, but the allegations must supply facts sufficient to state a claim that is plausible on its face." *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

IT IS, THEREFORE, ORDERED that for the reasons set forth above, the motion to amend (Fil. #11), the motion to intervene (Fil. #18), and the motion to dismiss (Fil. #5) are denied.

DATED: February 17, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
　　*Robert J. Remack
　　*Kathryn J. Derr
　　United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.